201519/rk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. FAY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:19-cv-2287 |
| | ) | |
| UNITED STATES OF AMERICA, U.S. | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| AND SHANNON LORIMER, D.O., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JAMES E FAY ("Plaintiff"), by and through his attorneys,

STEINBERG, GOODMAN & KALISH, complaining of the Defendants, UNITED STATES OF

AMERICA ("USA"), U.S. DEPARTMENT OF VETERANS AFFAIRS ("VA"), and

SHANNON LORIMER, D.O., states as follows:

### COUNT 1
#### *(Negligence)*

1. Jurisdiction is based upon the provisions of the Federal Tort Claims Act, 28 USC, Sec.

1346.

2. Plaintiff filed his Administrative Claim with the VA, which claim was received on

April 11, 2018. This action is being filed more than six months after the VA's receipt of

Plaintiff's tort claim, and before notice of final denial of the claim by the VA, or the Department

of the Navy.

3. That between March 24, 2017 and November 12, 2017, and at all times relevant

herein, the Defendant, SHANNON LORIMER, D.O., was physician duly licensed to practice

1

medicine in all its branches in the state of Illinois and who, by virtue of 42 USC, Sec. 233, is deemed to be an employee of the USA for purposes of medical malpractice liability.

4. That on or about April 11, 2017, and at all times relevant herein, SHANNON LORIMER, D.O., individually and/or as an agent, servant or employee of the Defendant, USA, acting within the scope of his employment and relationship with the USA, performed a right open carpal tunnel release at the James A. Lovell Federal Health Care Center in North Chicago, IL ("Lovell Health Care").

5. Lovell Health Care is a medical facility of the Defendant, USA, the VA, and Department of the Navy.

6. That from March 24, 2017 through November 12, 2017 Lovell Health Care was engaged in the business of offering medical facilities and services including orthopedic care and treatment in Lake County, Illinois.

7. The Defendant, SHANNON LORIMER, D.O. acted individually, and/or as agent, servant or employee of the Defendants, USA and/or VA, and did hold herself out as having the skill and capability to provide orthopedic care and treatment to patients, including the Plaintiff, JAMES E. FAY.

8. That at all times relevant herein, it was the duty of the Defendant, SHANNON LORIMER, D.O., individually and/or as agent, servant or employee of the Defendants, USA and VA, to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful orthopedic surgeon practicing under the same or similar circumstances, or alternatively, to exercise ordinary care in providing medical and surgical care and treatment to the Plaintiff, JAMES E FAY; yet notwithstanding the aforesaid duties, the Defendant, SHANNON

2

LORIMER, D.O., individually and/or as agent, servant or employee of Defendants, USA and

VA, was careless and negligent in one or more of the following respects:

 a. Carelessly, negligently and improperly performed a right open carpal tunnel release upon Plaintiff's right wrist;

 b. Carelessly, negligently and improperly lacerated the median nerve in Plaintiff's right wrist;

 c. Carelessly, negligently and improperly failed to properly diagnose the injured median nerve in Plaintiff's right hand;

 d. Carelessly, negligently and improperly failed to treat the injured median nerve in Plaintiff's right hand;

 e. Carelessly, negligently and improperly failed to protect the median nerve in Plaintiff's right wrist from injury;

 9. That as a direct and proximate result of one or more of the aforementioned acts and/or

omissions of the Defendants, USA, VA and SHANNON LORIMER, D.O., jointly or

individually, the Plaintiff, JAMES E. FAY, did sustain severe and serious injuries, including a

lacerated median nerve in the right wrist that he did sustain great pain and suffering, and will in

the future incur great pain and suffering; that said Plaintiff, JAMES E. FAY, did incur medical

expenses and will in the future incur medical expenses; that the Plaintiff did sustain other

pecuniary losses and will in the future sustain other pecuniary losses and damages as a result of

the negligence of the Defendants.

 10. That the Plaintiff attaches hereto an attorney affidavit and report from consulting

health professional as required by 735 ILCS 5/2-622.

 WHEREFORE, Plaintiff, JAMES E. FAY, demands judgment against the Defendants,

UNITED STATES OF AMERICA, U.S. DEPARTMENT OF VETERANS AFFAIRS, and

3

SHANNON LORIMER, D.O., jointly and individually, and each of them in an amount in excess of $75,000.00, plus costs of suit.

## COUNT II

### *(Res Ipsa Loquitur)*

1. Jurisdiction is based upon the provisions of the Federal Tort Claims Act, 28 USC, Sec. 1346.

2. Plaintiff filed his Administrative Claim with the VA, which claim was received on April 11, 2018. This action is being filed more than six months after the VA's receipt of Plaintiff's tort claim, and before notice of final denial of the claim by the VA, or the Department of the Navy.

3. That between March 24, 2017 and November 12, 2017, and at all times relevant herein, the Defendant, SHANNON LORIMER, D.O., was physician duly licensed to practice medicine in all its branches in the state of Illinois and who, by virtue of 42 USC, Sec. 233, is deemed to be an employee of the USA for purposes of medical malpractice liability.

4. That on or about April 11, 2017, and at all times relevant herein, SHANNON LORIMER, D.O., individually and/or as an agent, servant or employee of the Defendant, USA, acting within the scope of his employment and relationship with the USA, performed a right open carpal tunnel release at the James A. Lovell Federal Health Care Center in North Chicago, IL ("Lovell Health Care").

5. Lovell Health Care is a medical facility of the Defendant, USA, the VA, and Department of the Navy.

6. That from March 24, 2017 through November 12, 2017 Lovell Health Care was

engaged in the business of offering medical facilities and services including orthopedic care and treatment in Lake County, Illinois.

7.  The Defendant, SHANNON LORIMER, D.O. acted individually, and/or as agent, servant or employee of the Defendants, USA and/or VA, and did hold herself out as having the skill and capability to provide orthopedic care and treatment to patients, including the Plaintiff, JAMES E. FAY.

8.  That at all times relevant herein, it was the duty of the Defendant, SHANNON LORIMER, D.O., individually and/or as agent, servant or employee of the Defendants, USA and VA, to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful orthopedic surgeon practicing under the same or similar circumstances, or alternatively, to exercise ordinary care in providing medical and surgical care and treatment to the Plaintiff, JAMES E FAY; yet notwithstanding the aforesaid duties, the Defendant, SHANNON LORIMER, D.O., individually and/or as agent, servant or employee of Defendants, USA and VA, was careless and negligent in one or more of the following respects:

    a.    Carelessly, negligently and improperly performed a right open carpal tunnel release upon Plaintiff's right wrist;

    b.    Carelessly, negligently and improperly lacerated the median nerve in Plaintiff's right wrist;

    c.    Carelessly, negligently and improperly failed to properly diagnose the injured median nerve in Plaintiff's right hand;

    d.    Carelessly, negligently and improperly failed to treat the injured median nerve in Plaintiff's right hand;

    e.    Carelessly, negligently and improperly failed to protect the median nerve in Plaintiff's right wrist from injury;

9.      That the aforesaid injuries occurred as a result of the care and treatment rendered to the Plaintiff by Defendants, SHANNON LORIMER, D.O. and USA, jointly or individually, during the April 11, 2017 right open carpal tunnel release surgery.

10.     That in the normal course of events, the Plaintiff's injuries would not have occurred had the Defendants used a reasonable standard of professional care while providing medical care and treatment during the April 11, 2017 surgery, which was under their then control and management.

11.     That the Plaintiff attaches hereto an attorney affidavit and report from consulting health professional as required by 735 ILCS 5/2-622.

WHEREFORE, Plaintiff, JAMES E. FAY, demands judgment against the Defendants, UNITED STATES OF AMERICA, U.S. DEPARTMENT OF VETERANS AFFAIRS, and SHANNON LORIMER, D.O., jointly and individually, and each of them in an amount in excess of $75,000.00, plus costs of suit.

RESPECTFULLY SUBMITTED:

BY: _____

STEINBERG, GOODMAN & KALISH
20 N. Clark Street
31st Floor
Chicago, Illinois 60602
(312) 782-1386

6

201519/rk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES E. FAY,                                    )
                              Plaintiff,         )
                                                 )
v.                                               )        Case No.
                                                 )
UNITED STATES OF AMERICA, U.S.                   )
DEPARTMENT OF VETERANS AFFAIRS                   )
AND SHANNON LORIMER, D.O.,                       )
                                                 )
                              Defendants.        )

## **A F F I D A V I T**

NOW COMES the Affiant, RONALD KALISH, after being duly sworn under oath, states

as follows:

1.      That I am the attorney for the Plaintiff.

2.      That I have consulted and reviewed the facts of this case with a health

professional who I reasonably believe is knowledgeable in the relevant issues involved in this

particular action; is a licensed podiatrist practicing in all its branches and has practiced in the

same area of health care medicine that is at issue in this particular matter within the last six years;

and who has demonstrated confidence in the subject of the case.

3.      That said health professional has determined in a written report, after review of

the medical records, that there is a reasonable and meritorious cause for the filing of this action.

4.      That as a result, Affiant, RONALD KALISH, has concluded on the basis of the

reviewing health professional's review and consultation that there is a reasonable and meritorious

cause for filing this action against UNITED STATES OF AMERICA and the U.S.

DEPARTMENT OF VETERANS AFFAIRS.  That a copy of the written report

of the reviewing health professional is attached hereto.

FURTHER AFFIANT SAYETH NOT.

_____
Ronald Kalish

Sworn to before me this 19th
day of March, 2019.

_____
Notary Public

OFFICIAL SEAL
AVA RENCHEN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/02/21

STEINBERG, GOODMAN & KALISH
20 N. Clark Street
31st Floor
Chicago, Illinois 60602
(312) 782-1386
rkalish@sgklawyers.com

## REPORT FROM CONSULTING HEALTH PROFESSIONAL

1.     I am a medical doctor licensed to practice medicine in all of its branches, and have been so licensed and have practiced medicine within the last six (6) years.

2.     I have consulted with Ronald Kalish, attorney at law, for the purpose of reviewing the facts, medical records and other relevant materials pertaining to the medical care and treatment rendered to James Fay.

3.     I am knowledgeable in the relevant issues involved in this case and I am qualified by experience.  I am also Board Certified in Orthopedic Surgery with an added qualification in Hand Surgery.

4.     That after reviewing the medical records from James A. Lovell Federal Health Care Center which include the notes and reports of Shannon Lorimer, D.O, Bakhtiar A. Mohammed, MD, and Bharathi Swaminathan, M.D.; Centrega Physician Care-McHenry County Orthopedics which include the notes of Timothy G. Havenhill, M.D.; and the notes and photographs of Jason H. Ko, M.D. pertaining to James Fay, I have concluded that there is a reasonable and meritorious cause for the filing of an action against Dr. Shannon Lorimer and the James A. Lovell Federal Health Care Center.

5.     In my opinion to a reasonable degree of medical certainty, Dr. Shannon Lorimer departed from the applicable standard of care and was negligent in injuring the Mr. Fay=s right median nerve during carpal tunnel surgery, in failing to recognize Mr. Fay=s lack of median nerve function following surgery, and in failing to recommend and perform further surgery to repair the median nerve.  The bases for my opinions include the following:

On April 11, 2017, Dr. Lorimer performed a right open carpal tunnel release on Mr. Fay at the James A. Lovell Federal Health Care Center.  Following the surgery, Mr. Fay had severe pain and numbness and weakness which was worse and constant in his radial digits in his right hand according to a second opinion he obtained from Timothy G. Havenhill, M.D. on August 23, 2017. Mr. Fay reported to Dr. Havenhill that during the surgery with Dr. Lorimer, he felt something pop that caused him to jump on the operating table. Dr. Havenhill felt that Mr. Fay most likely had a laceration of the median nerve and recommended a new nerve conduction study.

On October 3, 2017 Dr.Swaminathan performed a nerve conduction study and a needle EMG. According to Dr. Swaminathan, compared to a prior study he performed on Mr. Fay on February 24, 2017, there was prolongation of the median motor latency and low amplitude.

On December 22, 2017, Mr. Fay sought a third opinion from Jason H. Ko, M.D. Mr. Fay again reported that during the surgery with Dr. Lorimer he felt something snap that caused severe pain and caused him jump on the operating table, and that since the surgery his pain has been significantly worse with  burning and shooting pain, and worsened numbness, tingling and weakness.  Dr. Ko noted that the electrodiagnostic testing confirmed worsened motor and sensory neuropathy of the median nerve at the wrist as compared to before the surgery.  Dr. Ko also felt that Mr. Fay sustained a median nerve injury during Dr. Lorimer=s carpal tunnel surgery and

recommended surgery. On February 28, 2018 Dr. Ko performed a right wrist median nerve reconstruction with allograft nerve repair. Intraoperatively, Dr. Ko determined that Mr. Fay sustained an 80% laceration of the median nerve.

As a result of Dr. Lorimer=s negligence, Dr. Ko=s records indicate that Mr. Fay has significantly diminished sensation in the median nerve distribution, significant weakness, pain, and decreased motor function. In my opinion, the injuries were caused by the negligence of Dr. Lorimer. I hold these opinions to reasonable medical certainty. In addition, it is my opinion that in the normal course of events, that the injuries would not have occurred in the absence of negligence.

These are preliminary opinions subject to amendment or supplementation after the acquisition of additional information such as medical records or deposition testimony.